Donald W. Sieveke, S.B. #78144
LAW OFFICES OF DONALD W. SIEVEKE
1113 N. Spurgeon Street
Santa Ana, CA 92701
(714) 543-8419 Office
(714) 558-7459 Fax

Attorney for RICHARD A. MARSHACK
Chapter 7 Trustee

FILED
JAN 2 3 2007
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>DAE SEO PARK and WON HWA PARK<br><br>Debtors.<br><br>RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE,<br><br>Plaintiff<br><br>vs.<br><br>DAE SEO PARK and WON HWA PARK,<br><br>Defendants. | CASE NO. SA06-11930 TA<br><br>CHAPTER 7<br><br>Adv. No.<br><br>COMPLAINT OBJECTING TO DISCHARGE [11 U.S.C. 727(A)(3) AND (5) |

Plaintiff RICHARD A. MARSHACK, Chapter 7 Trustee alleges:

1. Plaintiff is the duly appointed Chapter 7 Trustee in this case.

2. Debtors DAE SEO PARK and WON HWA PARK filed a Chapter 7 bankruptcy petition on October 26, 2006.

3. This is an adversary proceeding in which the Plaintiff objects to the discharge of Defendants. The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. 1334

1

COMPLAINT OBJECTING TO DISCHARGE

1 and 11 U.S.C. 727. This is a core proceeding under 28 U.S.C. 157(b)(2)(J).

## FIRST CLAIM FOR RELIEF

(Denial of Discharge under 11 U.S.C. 727(a)(3))

4. Within two years before their filing of this bankruptcy case, the Debtors sold real property which was their residence. Plaintiff is informed and believes, and thereon alleges that the Debtors received net proceeds of approximately $200,000.

5. Within six months prior to bankruptcy the Debtor purchased goods and services on their credit cards in an amount of approximately $89,000.

6. During their examination under Section 341(a), the Debtors testified that they paid their son, Chan Soo Park, $95,000 from net proceeds. The Debtors did not further explain the use of any additional funds, nor the whereabouts of any goods purchased on credit cards, nor have the Debtors produced any records by which the Plaintiff may ascertain their financial affairs, or the whereabouts of any goods or funds described above.

## SECOND CLAIM FOR RELIEF

(Denial of Discharge under 11 U.S.C. 727(a)(5))

7. Plaintiff realleges Paragraphs 1-6 above and incorporates them herein by reference as though fully set forth herein.

8. Plaintiff is informed and believes, and thereon alleges that the Debtors have failed to maintain, or have concealed, destroyed books and records by which the Trustee may ascertain their financial condition, including but not limited to credit card statements, checking account registers, cancelled checks, and tax returns.

WHEREFORE Plaintiff prays judgment as follows:

FOR THE FIRST CLAIM FOR RELIEF:

1. That Defendants be denied their discharge under 11 U.S.C. 727(a)(3).

FOR THE FIRST CLAIM FOR RELIEF:

2. That Defendants be denied their discharge under 11 U.S.C. 727(a)(5).

FOR ALL CLAIMS FOR RELIEF:

COMPLAINT OBJECTING TO DISCHARGE

1      3. For such other and further relief that the Court may deem just and proper.

Dated: 1-28-07

Donald W. Sieveke
Attorney for RICHARD A. MARSHACK,
CHAPTER 7 TRUSTEE, Plaintiff

3

COMPLAINT OBJECTING TO DISCHARGE

FORM 104 (10/06)

| PLAINTIFF(S) | DEFENDANT(S) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|
| RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE | DAE SEO PARK and WON HWA PARK | |

| ATTORNEY(S) (Firm Name, Address, and Telephone No.) | ATTORNEY(S) (If Known) |
|---|---|
| DONALD W. SIEVEKE, SB#78144<br>LAW OFFICES OF DONALD W. SIEVEKE<br>1113 N. Spurgeon Street<br>Santa Ana, CA  92701<br>(714) 543-8419 | DEBTORS' COUNSEL:<br>Andrew E. Smyth, Esq.<br>4929 Wilshire Blvd., Ste. 988<br>Los Angeles, CA  90010<br>(323) 933-8401 |

PARTY (Check One Box Only)
[ ] Debtor     [ ] U.S. Trustee/Bankruptcy Admin
[ ] Creditor   [ ] Other
[X] Trustee

PARTY (Check One Box Only)
[X] Debtor     [ ] U.S. Trustee/Bankruptcy Admin
[ ] Creditor   [ ] Other
[ ] Trustee

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT OBJECTING TO DISCHARGE 11 U.S.C. SECTION 727(A)(3) AND (5)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[X] 41-Objection / revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
          continued next column

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
[ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – reinstatement of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§ 78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law
[ ] Check if a jury trial is demanded in complaint

[ ] Check if this is asserted to be a class action under FRCP 23
Demand  $ n/a

Other Relief Sought

EDC-8104

FORM 104 (10/06), Page 2

| NAME OF DEBTOR<br>DAE SEO PARK and WON HWA PARK | | BANKRUPTCY CASE NO.<br>SA06-11930 TA | |
|---|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISIONAL OFFICE<br>SANTA ANA | | NAME OF JUDGE<br>T. ALBERT |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>1/23/07 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>DONALD W. SIEVEKE | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.