FILED

JUN 20 2008

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

ENTERED

JUN 20 2008

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DAE SEO PARK and WON HWA PARK,<br><br>Debtors. | Case No. 8:06-bk-11930 TA<br><br>Chapter 7<br><br>Adv. No. 8:07-ap-1034 TA |
| RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>DAE SEO PARK and WON HWA PARK,<br><br>Defendant. | **STATEMENT OF DECISION AFTER TRIAL**<br><br>Date:   June 17, 2008<br>Time:   10:00 a.m.<br>Place:  5B |

This matter came on for trial before the Court June 17, 2008. Donald Sieveke, Esq. appeared for the Plaintiff, the Chapter 7 Trustee, Richard Marshack ("Trustee"). Andrew E. Smyth, Esq. appeared for the Debtors/Defendants Dae Seo Park and Won Hwa Park ("Debtors"). In his complaint, the Trustee alleges that the Debtors should be denied their discharge in this case on two grounds as set forth in 11 U.S.C. §727(a), i.e.: under subsection (3) that Debtors: "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . from which the Debtors'

1  financial condition . . . might be ascertained . . . " or alternatively under subsection (5),

2  that the Debtors "failed to explain satisfactorily, before determination of denial of

3  discharge . . . any loss of assets or deficiency of assets to meet the debtor's liabilities."

4      It should be noted that there is an extensive "Unilateral[1] Pre-Trial Order" ("Joint

5  Pre Trial Order") which was entered June 2, 2008.  The Debtors' "Motion to Augment

6  and Amend Joint Pre-Trial Order" was granted on the day of trial wherein additional

7  exhibits and the "Declaration Which May be Used In Lieu of Direct Testimony . . . " were

8  added in the interest of justice.  This point is raised lest Debtors argue that they were

9  somehow procedurally hindered in their ability to present their case.

10

11      The facts are not substantially in dispute.  The Debtors took out two equity lines

12  of credit against their residence commonly known as 5051 Lynn Circle, La Palma, CA

13  ("residence").  In September and October, 2004, Debtors withdrew a total of $122,632

14  on these lines and from these funds paid a total of $99,000 to one Young Gui Yoon.

15  [¶¶3-5 of Joint Pre Trial Order]   Ms. Goon is or was apparently a friend of the Debtors'

16  son, Chan Soo Park.  While there was testimony at the §341(a) First Meeting of

17  Creditors that these sums were paid to Debtors' son, it came out in subsequent

18  testimony and at trial that, in fact, the monies were paid by check to Ms. Yoon, who

19  allegedly had some kind of business arrangement with the son.  None of these sums

20  were paid back to the Debtors.  Incredibly, the Debtors do not have an address for their

21  son beyond that of Rochester, New York [Joint Pre Trial Order ¶ 6].  Moreover, it

22  develops that Ms. Yoon, also known as Young Gui Park, filed a Chapter 7 bankruptcy in

23  this Court, case no. SA 06-12411 ES, and received her discharge May 24, 2007. [See

24

---

25  [1]  At Mr. Smyth's request, this document will be referred to as the "Joint Pretrial Order" in that he agreed with most of
26  its contents as originally written.  He signed it and except for minor modifications, it represents a joint representation
   of the agreed facts. See "Declaration of Andrew E. Smyth re Joint Pre-Trial Order."

-2-

Declaration of Dae Seo Park dated May 31, 2008.] The Debtors have no promissory note and no other evidence of the purpose or even the nature of this transaction [Joint Pre Trial Order ¶¶9 and 10].  The testimony at trial was perfunctory and cast little or no light on the terms, nature or purpose of the "investment" by the Debtors.  The Court was left in the dark as to whether this transaction was intended to be a loan or more in the nature of an equity investment.  It was clear, however, that Debtors have no stock certificates, no partnership agreement, no promissory note and absolutely no documents.  Debtor Dae Soo Park testified that if the undefined "business arrangement" between his son and Ms. Goon had succeeded (and we are left to infer that it did not),  the Debtors would have expected some return.  Absolutely no details were given, however.  The son, Chan Soo Park, did not testify.

The Debtors sold their residence in April 2005, and after paying off the two lines of credit, received net proceeds of $70,700.  Of these monies $10,000 was spent on gambling [Joint Pre trial Order ¶¶12-13].  From the Joint Pre Trial Order, we also see that there were substantial additional sums from about April 2005 through July 2006 spent on gambling, mostly as cash advances on credit cards or checks written to cash. The Court counts about $51,205, although some undefined portion of these was described as "for living expenses."  But again, Debtors have no documents from which the Trustee or the Court could discern how much of these withdrawals represent non-gambling expenses [Joint Pre Trial Order ¶¶13-33].  In addition, in April 2006 a total of $89,978.19 was incurred in credit card charges.  According to the Joint Pre Trial Order, Debtors failed to produce credit card statements for several of the accounts although these have been requested by the Trustee [Joint Pre Trial Statement ¶¶34-35].  In their bankruptcy schedules, Debtors only reported $9,800 in gambling losses for the year

preceding the October 26, 2006 filing of the bankruptcy petition [Joint Pre Trial Order ¶15].

The Plaintiff in a case based on 11 U.S.C.§727(a)(5) has the initial burden of proving that an objection to discharge is appropriate based upon showing that the Debtors had an interest in a specific property that is no longer available to creditors as of the date of the petition.  Rule 4005 of the FRBP; *Sonders v. Mezvinsky (In re Mezvinsky)*, 265 B.R. 681, 689-91, (Bankr. E.D. Pa. 2001); *Pyramid Technology v. Cook (In re Cook)*, 146 B.R. 934, 940-41 (Bankr. E.D. Pa. 1992).  But this is a shifting burden.  Once the Trustee's initial burden is satisfied, then the burden shifts to the Debtors to satisfactorily explain the losses or deficiencies.  *Mezvinsky*, supra, 265 B.R. at 689; *Cook*, supra, 146 B.R. at 941.  Explanations of losses that are generalized, vague and uncorroborated by documentation are unsatisfactory.  *Id.* at 941.  Similarly, the Debtors have a duty under §727(a)(3) to preserve records and take such steps as ordinary fair dealing and common caution dictate to enable creditors to learn what debtor did with his estate. *United States v. Trogdon (In re Trogdon),* 111 B.R. 655, 658-59 (Bankr. N.D. Ohio 1990).  The Plaintiffs have the initial burden of showing that there was a failure to keep appropriate records.  Once this burden is carried, the burden shifts to the Debtors to produce evidence of adequate justification for the failure to keep records. *Meridian Bank v. Alten,* 958 F. 2d 1226, 1233 (3d Cir. 1992).

The Trustee in the case at bar carried his initial burden under §727(a)(5) of showing a loss of assets and under §727(a)(3), the absence of records which one would have expected under the circumstances.  The transactions at issue are not small or trivial.  The transfer of $99,000 to Ms. Yoon should have had at least *some* documentation.  The Court understands that cultural and language differences and

-4-

family relationships may have some role to play here, but even so, at least some minimal documentation is the only thing consistent with ordinary caution and fair dealing.  In this regard, the Debtors failed their burden of proof of showing some reasonable excuse for the lack of documentation.  Moreover, the Debtors did not really even explain the nature of the transaction.  Was it a gift?  Was it a loan?  Or was it some kind of equity or partnership investment?  If the latter, what were the percentages?  The very brief testimony offered by the Debtor, Dae Seo Park, was devoid of any detail.  Nebulous testimony uncorroborated by documentation is insufficient to carry the Debtor's burden of keeping records or at least explaining their absence.  *Trogdon*, supra, 111 B.R. at 658.  While even a lack of documentation can be overcome by earnest and credible testimony in certain circumstances (See *Beneficial Mtg. Co. V. Craig (In re Craig)*, 140 B.R. 454, 458-59 (Bankr. N.D. Ohio 1992)), here Debtors produced little or no explanation of any kind.  Even if one could imagine that cultural or family explanations lay behind this lack of formality, the Court would still have expected *some evidence* on this point but none was forthcoming.  It was the Debtors' burden to produce this evidence and so this lack of explanation must be laid at Debtors' door.  No one is obligated to recreate the Debtors' financial affairs other than himself.  *Lawrence v. Lawrence (In re Lawrence)*, 227 B.R. 907, 915 (Bankr. S.D. Fla. 1998).

A similar analysis applies to the credit card and cash advance losses.  The sums are not trivial.  The Court would have expected some documentation, or at the very least, some more detailed testimony of who, what, when and where.  How many trips were made to the casinos?  Was it all lost at one place or several?  What games of chance were played?  Were there any witnesses?  At most we know that the better part

of $100,000 was lost to gambling in the approximate 18 months preceding the petition. Some of these funds may have been used for living expenses but we are left largely to guess. There was a complete lack of an evidentiary showing by Debtors and it was their burden to show a reasonable explanation of the loss or at least some explanation of why no documents existed.

For the bankruptcy system to maintain any credibility, discharge must be reserved for those honest debtors who can explain their situation and provide some reasonable accounting of their losses. Creditors have the right to know that resources that might pay some dividend are not stashed somewhere beyond their reach. See e.g. *First American Bank v. Bodenstein (In re Bodenstein)*, 168 B.R. 23, 33 (Bankr. E.D.NY 1994). It is not necessary that Plaintiff establish any intent. It is sufficient if Plaintiff only establishes the unexplained deficiency of assets and then it is up to the Debtor to establish what happened. *Id.* Citing *Prairie Prod. Credit Ass'n. V. Suttles (In re Suttles),* 819 F.2d 764, 766 (7th Cir. 1987). The law does not, however, allow Debtors to claim all is lost and not provide *at least some* explanation of where it all went. The showing made by Debtors in this case is scarcely more than a shrug of the shoulders and is wholly insufficient.

For these reasons judgment will be entered for the Trustee denying the discharge under 11 U.S.C.§§ 727(a)(3) and (5). Trustee's counsel is directed to prepare a form of judgment consistent with these findings.

Dated: _____JUN 2 0 2008_____    _____

Hon Theodor C. Albert
UNITED STATES BANKRUPTCY JUDGE

**NOTE TO USERS OF THIS FORM:**
*Physically attach this form as the last page of the proposed Order or Judgment.*
*Do **not** file this form as a separate document.*

| In re  DAE SEO PARK and WON HWA PARK | CHAPTER 7 |
|---|---|
| Debtor. | CASE NUMBER  8:06-BK-11930 TA |

Adv. No. 8:07-ap-01034 TA

# NOTICE OF ENTRY OF JUDGMENT OR ORDER
# AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1.    You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled *(specify)*:  STATEMENT OF DECISION AFTER TRIAL

was entered on *(specify date)*:    JUN 2 0 2008

2.    I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on *(specify date)*:    JUN 2 0 2008

Dated:    JUN 2 0 2008

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

1

<u>**SERVICE LIST**</u>

2

3   <u>**Defendant**</u>
Dae Seo Park

4   8622 Stanton Avenue, #215
Buena Park, CA 90620

5

<u>**Defendant**</u>

6   Won Hwa Park
8622 Stanton Avenue, #215

7   Buena Park, CA 90620

8   <u>**Attorney for Defendants, Dae Seo Park and Won Hwa Park**</u>
Andrew E. Smyth, Esq.

9   4929 Wilshire Boulevard, Suite 605
Los Angeles, CA 90010-2875

10

11  <u>**Attorney Chapter 7 Trustee, Richard A. Marshack**</u>
Donald W. Sieveke, sq.

12  Law Offices of Donald W. Sieveke
1113 N. Spurgeon Street

13  Santa Ana, CA 92701

14  <u>**Chapter 7 Trustee**</u>
Richard A. Marshack, Chapter 7 Trustee

15  26632 Towne Center Drive, Suite 300
Foothill Ranch, CA 92610-2808

16

17  **ELECTRONIC SERVICE BY THE COURT TO:**
ustpregion16.sa.ecf@usdoj.gov

18  (address below for info purposes only)

19  <u>**U.S. Trustee**</u>
Office of the United States Trustee

20  411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-8000

21

22

23

24

25

26